**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CHRISTINE CARTER-FRAZER,
and ALL OTHERS;
Plaintiff(s),

v.                                                            Case No. 1:12-CV-01017-SCJ-GGB
                                                              HON.

INVESTORS ONE CORP.;
NATIONAL CITY BANK OF INDIANA;
NATIONAL CITY HOME LOAN SERVICES, INC.;
FIRST FRANKLIN FINANCIAL CORP.;
AMS SERVICING, LLC;
SHAPIRO & SWERTFEGER, LLP; and
KONDAUR CAPITAL CORP.
Defendant(s).

_____
J. G. DAVIS & ASSOCIATES, LLC
By:  JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff(s)
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax:    (855) 814-3619
_____

**PLAINTIFFS' FIRST RESPONSE TO DEFENDANTS' KONDAUR
CAPITAL CORPORATION'S ("KCC") MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW, CHRISTINE CARTER-FRAZER, Plaintiff through her

undersigned counsel, in the above-captioned matter and files this Plaintiff's First

Response to Defendants' Motion to Dismiss, respectfully showing this Honorable

Court the following:

## ANSWERS

1.

KCC ("Defendant") respond to Plaintiffs' Amended Complaint for Damages as an Answer to Defendants' first Motion to Dismiss by filing a 12(b)(6) and 8(a)(2) motion to dismiss for failure to state a claim for which relief can be granted.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). See also *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997). Hence, in order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

Moreover, "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (200

Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.,* 94 F.3d 189, 194 (5th Cir. 1996).

Plainly stated Plaintiff is entitled to relief because the defendants (jointly and separately) unjustly deprived or assisted in the deprivation of Plaintiff's property. It is also clear that all counts refer repeatedly to the facts stated in the forefront of the amended complaint. *Please See Plaintiff's Amended Complaint Paragraphs 1-25*. Moreover, Defendant never denies any of the factual allegations asserted in Plaintiff's complaint, which can be construed as consenting to their veracity and granting Plaintiff a right to relief.

Defendants did not obtain proper rights to Plaintiffs property by obtaining proper secured title to the land, making their actions on par with common criminals when they transferred their inadequate interest. Defendant did not properly vest an interest in Plaintiff's property being that the interest had been previously transferred to another company; hence they were attempting to and did in fact assist in the stealing of Plaintiffs property. Defendant, as mentioned in the Amended Complaint, did not check the title as is expected in a buyer. Defendant

then furthered the erroneous and fraudulent transfer of Plaintiffs property with their transfer to IO, making them jointly liable along with the other Co-Defendants as named in Plaintiff's Amended Complaint. Therefore, with that "short and plain statement" Plaintiff is entitled to relief.

2.

Defendant asserts that Plaintiff's Amended Complaint is an impermissible "shotgun" pleading that fails to meet the pleading requirements. *Please See Defendants Motion To Dismiss Page 5.*

*Federal Rule of Civil Procedure 12(e)* states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details..." Plaintiff asserts that if the Amended Complaint was of such poor quality Defendant should have followed the procedures laid out by 12(e). This rule clearly states the procedure for the claim that Defendant is asserting, and it does not allow for the dismissal of Plaintiff's case.

Moreover, the reincorporation of above paragraphs clearly reference the facts laid out in the amended complaint. *PLEASE SEE PLAINTIFFS AMENDED COMPLAINT PARAGRAPHS 1-25.* Furthermore, "Notice sufficient to excite

attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led. Ignorance of a fact due to negligence shall be equivalent to knowledge in fixing the rights of parties." O.C.G.A. 23-1-17.  Defendant falls under this rule as the second transferring party that did not have valid title and failed to properly check the title for the obvious defect.  This makes them liable to Plaintiff for wrongfully transferring her property to IO, thereby furthering and likely enacting the damage caused to Plaintiff.  Therefore, for the reasons mentioned Defendant's claim should not be granted as a matter of law.

3.

Defendant asserts that Plaintiff's claim for fraud fails on the basis that it lacks specificity.  *PLEASE SEE DEFENDANTS MOTION TO DISMISS PAGE 6.*  Plaintiff specifically denies Defendants assertion based on the legal standing that "[c]onstructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." O.C.G.A. §23-2-51 (b).  KCC enacted a transfer in property that they did not have title to at the time.  Defendant's failure to review the chain of title (which is expected of a purchaser) meets the requirements of constructive fraud wholly and makes them jointly liable for the actions that occurred because of their inaction.  Moreover, had it not been

for the actions and inactions of Defendant the wrongful transfer and wrongful taking of Plaintiff's property would not have happened. This links Defendant inextricably to the actions of all Defendants making them jointly liable to Plaintiff. Therefore, Defendant could not possibly have secured interest in the property and their Motion to Dismiss should not be granted.

4.

Defendant asserts that Plaintiff did not properly allege and prove the grounds of Quiet Title. Defendants are extremely erroneous in their assertion, being that Plaintiff asserts her claim under O.C.G.A. § 23-3-62; which gives her the right to bring this claim because she is asserting her title over the property. Plaintiff has a strong title as presented in the exhibits of the Amended Complaint. Furthermore, to speak directly to Defendant's assumptions, the requirements of *O.C.G.A. § 23-3-62(b)* are met with the deed and other title instruments presented within the Amended Complaint (interestingly, the same title instruments are presented in the Defendant's Motion to Dismiss). For the reasons explained, Defendant's Motion to Dismiss should not be granted as a matter of law and fact.

5.

Defendant also asserts that because Plaintiff is an uninterested party they do not have standing to challenge the assignment. *PLEASE SEE DEFENDANTS MOTION TO DISMISS PAGE* 9-10. As stated in Ga. Const. Art. 1 §1 ¶ 1 "no

person shall be deprived of life, liberty or property except by due process of law." Additionally, Georgia law states "Where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that a plaintiff is interested in having the laws executed and the duty in question enforced." O.C.G.A. § 9-6-24.  This speaks specifically to the Plaintiff's claims: here we have the Defendant assisting in the attempt and action of depriving Plaintiff of her home without proper attestation or interest in the property to take these actions.

   As further support Plaintiff cites Georgia courts recognizing the unique aspect of an interest in land as discussed in *Gary Stubbs v. Bank of America*, No. 1:11-CV-1367-AT (2012) ("The real property interest holds a special place in our legal system as in our society, especially in cases involving the potential loss of that most important, tangible piece of emotional and physical stability – the home."). Also, Plaintiff, in the security deed, provided original creditor power of attorney for the ability to foreclose on property through power of sale in the event of a default (which is additionally assignable).  Defendants took this power of sale through the improper assignment; naturally Plaintiff would have an interest in the continually mishandled assignment especially in regards to her power of attorney. Therefore, Defendants' motion should not be granted.

6.

Defendant assumes that their motion to dismiss should be granted because they assert the claims fail along with damages not being specific towards them. *PLEASE SEE DEFENDANTS MOTION TO DISMISS PAGE* 10-11.  Georgia law recognizes"

> "where an action is brought jointly against several persons, the plaintiff may recover damages for an injury caused by any of the defendants against only the defendant or defendants liable for the injury. In its verdict, the jury may specify the particular damages to be recovered of each defendant. Judgment in such a case must be entered severally."

O.C.G.A. § 51-12-31.

Further, under O.C.G.A. § 51-12-33(a) it states:

> "Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault."

Defendant does not deny any of the factual allegations present in Plaintiff's Amended Complaint and can be construed as true.  As such, these factual allegations reveal that they did in fact not have a valid interest to transfer Plaintiff's property yet did so anyway.  Clearly, Defendant took some part in the wrongful stealing of Plaintiff's property and should be held jointly liable for

damages that are owed to Plaintiff.   Therefore, Defendants Motion to Dismiss should not be granted and instead Plaintiff's damages as seen fit by the Court should be granted.

## Conclusion

For the reasons stated above Defendants Motion to Dismiss should not be granted because Plaintiff's have specifically averred claims in which relief can be granted as a matter of law.

This 13th day of July, 2012.

        Respectfully Submitted,

        /s/Joshua G. Davis
        JOSHUA G. DAVIS
        Bar No.: 514674
        J.G. DAVIS&ASSOCIATES, LLC
        P.O. Box 7309
        Atlanta, GA 30357
        Phone:  (855) 543-2847
        Fax:     (855) 814-3619
        swordandshieldlaw@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CHRISTINE CARTER-FRAZER,
and ALL OTHERS;
    Plaintiff(s),

v.                                                                     Case No. 1:12-CV-01017-SCJ-GGB
                                                                       HON.

INVESTORS ONE CORP.;
NATIONAL CITY BANK OF INDIANA;
NATIONAL CITY HOME LOAN SERVICES, INC.;
FIRST FRANKLIN FINANCIAL CORP.;
AMS SERVICING, LLC;
SHAPIRO & SWERTFEGER, LLP; and
KONDAUR CAPITAL CORP.
    Defendant(s).
_____

J. G. DAVIS & ASSOCIATES, LLC
By: JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff(s)
P.O. Box 7309
Atlanta, GA 30357
Phone:(855) 543-2847
Fax:   (855) 814-3619
_____

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 13th, 2012, I electronically filed the foregoing *Plaintiff's Response to Motion to Dismiss* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record. I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 13th day of July 2012.

        Respectfully Submitted,

            /s/Joshua G. Davis
            JOSHUA G. DAVIS
            Bar No.: 514674
            J.G. DAVIS & ASSOCIATES, LLC
            P.O. Box 7309
            Atlanta, GA 30357
            Phone:  (855) 543-2847
            Fax:     (855) 814-3619
            swordandshieldlaw@gmail.com