IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINE CARTER-FRAZER, ) | |
| and ALL OTHERS, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION FILE |
| ) | NO.  1:12-CV-01017-SCJ-GGB |
| v. ) | |
| ) | |
| INVESTORS ONE CORP., NATIONAL ) | |
| CITY BANK OF INDIANA, NATIONAL ) | |
| CITY HOME LOAN SERVICES, INC., ) | |
| FIRST FRANKLIN FINANCIAL CORP., ) | |
| AMS SERVICING, LLC, SHAPIRO & ) | |
| SWERTGEGER, LLP, and KONDAUR ) | |
| CAPITAL CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY IN SUPPORT OF BANK DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

NOW COME Defendants PNC Bank, N.A, as successor by merger to National City Bank of Indiana[1] ("NCBI"), Bank of America, N.A., as successor by merger to National City Home Loans Services, Inc.[2] ("NCHLS") and First Franklin

---

[1] Plaintiff names National City Bank of Indiana.  National City Bank of Indiana, the one-time parent corporation of First Franklin Financial Corporation, no longer exists as a legal entity as it merged with and into PNC Bank, N.A. on October 24, 2008.  Therefore, PNC Bank, N.A. responds as successor by merger to National City Bank of Indiana.

[2] Plaintiff names National City Home Loan Services, Inc. as a defendant.  National City Home Loan Services, Inc. merged with and into Bank of America, N.A.  Therefore, Bank of America, N.A. responds as successor by merger to National City Home Loan Services, Inc.

Financial Corporation ("First Franklin") (collectively, the "Bank Defendants") and respectfully hereby file their Reply in Support of Bank Defendants' Motion to Dismiss First Amended Complaint ("Reply").

In support thereof, Bank Defendants provide the following memorandum of points and authorities.

## ARGUMENT

Plaintiff Christine Carter-Frazer ("Plaintiff") filed her Response to Defendants' Motion to Dismiss First Amended Complaint with Incorporated Memorandum of Law in Support ("Response") on June 22, 2012. On July 5, 2012 and again on July 12, 2012, Bank Defendants and Plaintiff filed Consent Motions for Extension of Time. Therefore, this Reply is timely.

Plaintiff's Response changes little; her claims remain insufficiently pled and fail as a matter of law. Moreover, the Response does nothing to cure the problems noted in Defendants' Motion to Dismiss First Amended Complaint ("Motion"). Consequently, Plaintiff has not changed the fact that dismissal is warranted in this action. For these reasons, Bank Defendants' Motion must be granted.

**I.   PLAINTIFF'S CAUSE OF ACTION CONTINUES TO FAIL AS A MATTER OF LAW.**

Despite Plaintiff's attempts to rephrase or justify her arguments in the Response, Plaintiff's individual claim simply fails as a matter of law. Plaintiff's

First Amended Complaint ("FAC") asserts eight (8) claims; however, as previously noted, only <u>one</u> of the those claims was asserted against a single Bank Defendant – that being Count VI against NCBI.

The First Amended Complaint <u>alleges no wrongdoing whatsoever against First Franklin or NCHLS</u>.  With regard to the single count to Quiet Title against NCBI (Count Six in the FAC), Plaintiff's claim remains erroneous and improperly pled, and is subject to dismissal as a matter of law for failure to state a cognizable claim upon which relief may be granted.

    **A.**  **Plaintiff still lacks standing to question the validity of the Assignments (Count Six).**

As stated previously, any involvement between Plaintiff and any of the Bank Defendants ended well over three (3) years ago when NCBI transferred its interest in the Security Deed to Kondaur Capital Corporation ("Kondaur") on December 18, 2008.  This is not in dispute.  The transfer was done correctly, Plaintiff has no standing to object to the transfer, and the Bank Defendants have not been involved with this property in over three years.

Georgia law provides that, "[a]s a general rule, an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent."  <u>See</u> O.C.G.A. §

9-2-20(a).  Despite this axiom, Plaintiff begins the substantive part of her Response by contending that the Assignments are invalid because each either lacked a corporate seal or did not include a counter-signature.  (Resp. 3.)  Here, Plaintiff is not a party to any of the assignments by and between the Co-Defendants.  Accordingly, Plaintiff "ha[s] no standing to challenge the contract as a party to the contract."  See Haldi v. Piedmont Nephrology Assoc., 283 Ga. App. 321, 322, 641 S.E.2d 298, 300 (2007).

Furthermore, it is well-settled that Georgia law recognizes the ability to freely transfer mortgage loans, including contracts such as promissory notes and security deeds, by way of assignment, such as the one at issue here.  See O.C.G.A. § 44-14-64; see also Mortg. Guarantee Co. of Am. v. Atlanta Commercial Bank, 166 Ga. 412, 412, 143 S.E. 562, 563 (1928).  It is plain knowledge that the provisions of a security deed or mortgage ordinarily contemplate future transfers or assignments.

        B.    **Plaintiff's action to quiet title remains insufficiently pled (Count Six).**

Plaintiff again simply references her claim for relief without applying particularized facts to all of the elements of a cause of action under the Georgia Quiet Title Act, O.C.G.A. § 23-3-60 *et. seq.* (Resp. 4.)  Plaintiff neglects the

4

requirements of the Georgia Quiet Title Act which provides specific procedural prerequisites to pleading a quiet title action:

> With the petition [to quiet title] there shall be filed (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.

O.C.G.A. § 23-3-62(c) (2011); see also GHG, Inc. v. Bryan, 566 S.E.2d 662, 662 (Ga. 2002) ("A petition [to quiet title] is subject to dismissal only when on the face of the pleadings it appears that it is in noncompliance with O.C.G.A. § 23-3-62."). Accordingly, Plaintiff's quiet title claim must be dismissed with prejudice and without further leave to amend.

Plaintiff also failed to sufficiently allege a claim to quiet title. To maintain a quiet title action, "facts must be alleged which show that title is in the petitioner." Thomas v. Steadman, 208 Ga. 603, 605, 68 S.E.2d 560 (1952). Although Plaintiff still alleges that she "was the owner of [the] Property," (Resp. 4), this statement fails to establish that title vests in Plaintiff alone and is clearly contradicted by the Security Deed.

Plaintiff failed to "plead facts to support a reasonable inference that there has been some wrongdoing." Iqbal, 129 S. Ct. at 1949. Simply concluding that

5

Plaintiff is entitled to a declaration that fee simple title vests in her alone completely fails to meet minimum pleading standards.  See id.  As such, Plaintiff's quiet title action cannot survive the motion to dismiss, and her claim against NCBI should be dismissed as a matter of law.

### II. PLAINTIFF'S RESPONSE FAILS TO RECHARACTERIZE HER COMPLAINT INTO ANYTHING OTHER THAN A SHOTGUN PLEADING.

Generally, Plaintiff's Response is sorely lacking any factual support, and her FAC remains to be in inadequately pled.  (Resp. generally.)  Plaintiff still fails to substantiate any true cause of action against Bank Defendants, and any purported "violations" that are asserted contain only vague legal conclusions that lack any factual support that could raise Plaintiff's right to relief above a speculative level. Id.  As a result, the FAC must be dismissed with prejudice under both Rule 12(b)(6) and Rule 8(a).

Plaintiff's Response continues to fail to state how there is an actual dispute between Plaintiff and any Bank Defendant, specifically NCBI.  As such, Plaintiff's FAC is still a prohibited shotgun pleading that is rife with extraneous factual allegations and razor-thin legal conclusions.  (Resp. generally; FAC generally.) Although it would not be the proper place to do so, as an amended complaint is where supporting facts should be found, even Plaintiff's Response does not

identify, or even clarify, the basis for Plaintiff's claims.  Therefore, the FAC must be dismissed.

As stated in Bank Defendants' Motion, the Eleventh Circuit explained shotgun pleadings, as those pleadings in which "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."  Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).  The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading."  Beckwith v. Bellsouth Telecomms., Inc., 146 Fed. App. 368, 371 (11th Cir. 2005).

Furthermore, Plaintiff's Response simply restates most of Bank Defendants' assertions in the negative.  For example, in the Motion Bank Defendants averred that they "are left to sift through the multitude of unorganized paragraphs of often rambling and incomprehensible allegations[.]"  (Mot. 9.)  In turn, Plaintiff contends that the Bank Defendants "failed to read [the FAC] in its entirety or expected there to be many footnotes of explanations or meaningless assertions."  (Resp. 5.)  This is nonsensical.  Why would Bank Defendants expect "meaningless assertions?"  Id.  Consequently, this type of "yes-I-did" banter is insufficient to cure the inadequacies of Plaintiff's arguments, and the FAC should be dismissed.

## **CONCLUSION**

WHEREFORE, for the above and foregoing reasons, this Court should grant Bank Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) and 8(a) for failure to state a claim upon which relief may be granted.

This 27th day of July 2012.

       /s/ Andrew G. Phillips
Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (telephone)
(404) 443-5773 (facsimile)
aphillips@mcguirewoods.com

*Attorneys for PNC Bank, N.A., Bank of America, N.A. and First Franklin Financial Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTINE CARTER-FRAZER, and ALL OTHERS, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION FILE NO.  1:12-CV-01017-SCJ-GGB |
| v. | ) ) | |
| INVESTORS ONE CORP., NATIONAL CITY BANK OF INDIANA, NATIONAL CITY HOME LOAN SERVICES, INC., FIRST FRANKLIN FINANCIAL CORP., AMS SERVICING, LLC, SHAPIRO & SWERTGEGER, LLP, and KONDAUR CAPITAL CORP., | ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on July 27, 2012 I electronically filed the foregoing *Reply in Support of Defendant's Motion to Dismiss First Amended Complaint* with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                            /s/ Andrew G. Phillips
                                              Andrew G. Phillips